IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SUE WHITESEL, | ) |
| | ) Civil Action No. 5:06CV00026 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to §205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Sue Whitesel, was born on February 20, 1958, and eventually completed her high school education. Mrs. Whitesel received additional training as a certified nursing assistant. She has worked as a meat cutter, assistant grocery store manager, and cashier. Plaintiff last worked in 1999 as an assistant grocery store manager. On September 21, 1999, Mrs. Whitesel filed an application for a period of disability and disability insurance benefits. She

alleged that she became disabled for all forms of substantial gainful employment on August 28, 1999 due to fibromyalgia and migraine headaches. Mrs. Whitesel now maintains that she has remained disabled to the present time. The record reveals that Mrs. Whitesel met the insured status requirements of the Act at all relevant times. See, gen., 42 U.S.C. §§ 414 and 423.

Mrs. Whitesel's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 6, 2001, the Law Judge ruled that Mrs. Whitesel became disabled for all forms of substantial gainful employment on April 1, 2000 due to fibromyalgia and dysthymic disorder. Mrs. Whitesel appealed this ruling to the Social Security Administration's Appeals Council, arguing that she actually became disabled for all forms of substantial gainful employment on August 28, 1999, as alleged in her application for benefits. On May 25, 2004, the Appeals Council remanded the case to the Administrative Law Judge, based on the determination that the existing record did not support the Law Judge's finding that Mrs. Whitesel had become disabled at any point in time. The Appeals Council directed the Law Judge to receive additional evidence, as well as input from a medical expert.

Following the order of remand, the Administrative Law Judge referred plaintiff for a consultative medical study and a psychological evaluation. The Law Judge conducted a supplemental administrative hearing, and received testimony from a medical advisor. The Law Judge rendered his second opinion on June 17, 2005. On this occasion, the Law Judge found that Mrs. Whitesel suffers from a pain disorder associated with both psychological factors and a general medical condition, as well as chronic fibromyalgia combined with lesser musculoskeletal impairments. Despite these problems, the Law Judge held that plaintiff retains sufficient

2

functional capacity to return to past relevant work as a cashier. In the alternative, and after considering plaintiff's age, education, prior work experience, and residual functional capacity, as well as testimony from a vocational expert, the Law Judge determined that Mrs. Whitesel retains sufficient functional capacity for other work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's second opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having now exhausted all available administrative remedies, Mrs. Whitesel has appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Whitesel was first diagnosed as suffering from fibromyalgia in the late 1990s. Her family physician referred her to Dr. Ann Henry, a rheumatologist, for treatment of this condition. Dr. Henry has produced a variety of reports which indicate that Mrs. Whitesel does suffer from fibromyalgia, and that the condition is

3

so severe as to render plaintiff disabled for regular and sustained work activity. No other regular or examining physician has produced findings, diagnoses, or opinions to the contrary. In denying plaintiff's claim, the Administrative Law Judge relied primarily on the testimony of a medical expert who appeared at the administrative hearing. However, the court believes that such reliance cannot be deemed to be supported by substantial evidence, given the findings and conclusions of the treating rheumatologist, Dr. Henry, who saw plaintiff over a period of several years. Based on Dr. Henry's reports, the court concludes that Mrs. Whitesel has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

Dr. Henry first saw Mrs. Whitesel in February 1999. On that occasion, as well as at the time of other office visits in 1999, Dr. Henry expressed some uncertainty as to whether plaintiff's symptoms supported a diagnosis of fibromyalgia. On August 30, 1999, the rheumatologist reported that Mrs. Whitesel was unable to work because of problems with her joints. Given the absence of any improvement upon administration of prednisone, Dr. Henry indicated that it was likely that Mrs. Whitesel was suffering from fibromyalgia rather than some inflammatory process. In a medical report for the Department of Social Services dated October 7, 1999, Dr. Henry indicated that Mrs. Whitesel was unable to stand for prolonged periods, or do repetitive or heavy work with her arms. On October 12, 2000, Dr. Henry opined that plaintiff's complaints of pain were such as to suggest disability for all forms of work activity.

On June 7, 2001, Dr. Henry completed a questionnaire from plaintiff's attorney regarding the rheumatological examination completed in October 2000. Dr. Henry indicated that plaintiff's complaints and symptoms were consistent with fibromyalgia, and that Mrs. Whitesel was not overstating the severity of her problems. (TR 301). Dr. Henry also indicated that her medical

4

assessment was supported by objective findings, which the doctor proceeded to characterize as follows:

> Physical exam shows tenderness and pain with range of motion of many joints which would correspond to difficulty lifting and carrying (shoulders, wrists, back) and standing/walking (knees, back, ankles). (TR 302).

In a report dated July 23, 2004, Dr. Henry again produced findings which indicate substantial deterioration in plaintiff's physical capacity. Dr. Henry again responded to inquiries from plaintiff's attorney in a letter dated January 3, 2005. Dr. Henry related that there had been no change in Mrs. Whitesel's condition, and that she is still "very limited." (TR 369). Dr. Henry opined that Mrs. Whitesel has been disabled for all forms of work since August 30, 1999, the date of initial examination. In a report dated January 27, 2005, Dr. Henry noted that Mrs. Whitesel had pain at 18 out of 18 of the classic trigger points for fibromyalgia. (TR 375).

The record also reveals that Dr. Douglas Murphy, an internist, performed a consultative examination of plaintiff in August 2004. Dr. Murphy saw Mrs. Whitesel at the behest of the Disability Determination Services. In assessing plaintiff's range of motion, Dr. Murphy commented as follows:

> Please note that virtually all the range of motion she did in the upper extremities, spine, lower extremities, she had pain but sometimes the pain, particularly in lower extremity range of motion, is severe. The pain can be so severe as to bring tears to her eyes and cause her to interrupt the activities for several minutes. (TR 326).

The consultant also reported that plaintiff's strength testing was limited by pain. Dr. Murphy listed his overall impressions as follows:

> This is a 46-year-old female with the longstanding history of fibromyalgia and migraine headaches. She is in constant, often severe pain. She has pain with all movements, allodynia and hyperalgesia. She has some difficulties with sitting, standing, walking, lifting, carrying, handling, reaching, climbing, bending, stooping, crawling, creeping, problems with wet cold weather, and noise. (TR 327-28).

5

In summary, all of the medical doctors who have examined Mrs. Whitesel in recent years have concurred in the diagnosis of severe pain on the basis of fibromyalgia. Plaintiff's family doctors made a provisional diagnosis of fibromyalgia, and referred Mrs. Whitesel to Dr. Henry for specialized, rheumatological treatment. Dr. Henry was initially reluctant to concur in the diagnosis of fibromyalgia. After a period of treatment of several months, the rheumatologist became convinced that Mrs. Whitesel was suffering from severe and debilitating fibromyalgia, and not some inflammatory disease process. Dr. Henry indicated in 1999 that Mrs. Whitesel was unable to do her regular work, and she later expressed the opinion that plaintiff had become disabled for all forms of regular and sustained work activity. Dr. Henry's opinion is fully consistent with the findings of Dr. Murphy, who saw Mrs. Whitesel at the behest of the state disability agency. Thus, it appears to the court that all of the examining and treating physicians in this case agree that Mrs. Whitesel suffers from fibromyalgia, and that the condition can be expected to produce severe and disabling subjective discomfort.

As previously noted, in denying plaintiff's claim, the Administrative Law Judge relied on the testimony of a medical expert given at the administrative hearing on January 20, 2005. The Commissioner also relies heavily on the medical expert's testimony in her memorandum in support of her motion for summary judgment. Dr. Charles L. Cooke, a rheumatologist and board certified internist, testified as a medical expert. He opined that plaintiff's fibromyalgia is moderate, and that her symptoms appear to be overstated. Dr. Cooke testified that Mrs. Whitesel can still do sedentary work. However, the court notes that Dr. Cooke did not examine Mrs. Whitesel at any time. Dr. Cooke did not have the enhanced perspective possessed by Dr. Henry, who traced the progression of plaintiff's fibromyalgia over a period of several years. Dr. Cooke did not perform the range of

6

motion testing or the strength testing described by Dr. Murphy in his consultative study. Given the opinions of the treating physicians, and the clinical findings which undergird those opinions, the court concludes that the rejection of the examining physicians' reports in Mrs. Whitesel's case is not supported by substantial evidence.

The administrative regulations provide that reports and opinions from treating physicians should be accorded greater weight than reports and opinions from medical sources who have not examined the claimant. See 20 C.F.R. § 404.1527(d)(1). Furthermore, even greater weight is to be given to opinions of medical sources who have treated a claimant over a period of time. See 20 C.F.R. § 404.1527(d)(2). More weight should be given to a medical specialist, such as a rheumatologist. See 20 C.F.R. § 404.1527(d)(5).

In Mrs. Whitesel's case, the court must conclude that the Commissioner's rejection of the findings of Dr. Henry and Dr. Murphy is simply not supported by the medical evidence of record. Both doctors found that plaintiff suffers from severe and disabling pain, and there are no medical findings by a treating or examining source which would support a contrary conclusion. Given the undisputed medical record, the court must conclude that Mrs. Whitesel has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

The court also concludes that Mrs. Whitesel has met the burden of proof in establishing that she became disabled for all forms of substantial gainful employment on October 1, 2000. Such a disability onset date corresponds to Dr. Henry's first physical findings which indicate disability for even sedentary levels of exertion on a regular and sustained basis. In this context, the court agrees that Dr. Henry's medical reports and clinical findings prior to October 12, 2000 are such as to admit

7

the interpretation that, while disabled for regular work activity, Mrs. Whitesel could still have performed lesser, sedentary forms of work.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing entitlement to a period of disability and disability insurance benefits, judgment will be entered for plaintiff. The final decision of the Commissioner will be reversed and the case remanded for the establishment of proper benefits. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 9th day of November, 2006.

/s/ Jack Conrad
United States District Judge